**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STEPHANIE MYKONOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  25-04025 (UNA) |
| | ) | |
| | ) | |
| MATHEMATICA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

This action brought *pro se* is before the Court on review of Plaintiff's complaint and application for leave to proceed *in forma pauperis*.  For the following reasons, the Court grants the application and dismisses the complaint.

Plaintiff, a resident of Washington, D.C., alleges that "DC's Mathematica in conjunction with" the District of Columbia have "collud[ed] while actively promoting violations of the I.N.A. and U.S.C. on expansion of 'means tested' public benefits on DC-soil for homeless single female illegal aliens and their forthcoming children."  Compl., ECF No. 1 at 1.  The allegations are far from clear; however, Plaintiff suggests that  "Mathematica's Medicaid Director . . . crafted such policy" for personal gain to the detriment of D.C. taxpayers, including herself.  *Id*.  Plaintiff claims that "due to this civil RICO, our homeless single female U.S.A. citizen natives were told 'no emergency shelter; come back another night and ma'm [sic] stop calling the E.R. shelter line,' " knowing "there's no beds anywhere in the District."  *Id*.  Plaintiff seeks an order "to stop" the District from "processing 'means tested' public benefits for homeless single female illegal aliens with forthcoming children" and "civil and monetary fines."  *Id*. at 2.

The Supreme Court "has consistently held" that a plaintiff raising, as here, "only a generally available grievance about government," claiming no specific harm to herself, and "seeking relief that no more directly and tangibly benefits [her] than it does the public at large does not state an Article III case or controversy" or establish Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992); *see DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) ("The 'core component' of the requirement that a litigant have standing to invoke the authority of a federal court 'is an essential and unchanging part of the case-or-controversy requirement of Article III.' ") (quoting *Lujan*, 504 U.S. at 560). And "the defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Therefore, this case will be dismissed by separate order. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal "at any time" the court determines that it lacks subject-matter jurisdiction).


_____/s/_____
RUDOLPH CONTRERAS
Date: April 6, 2026                    United States District Judge

2